IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKEMA, INC., f/k/a ATOFINA CHEMICALS, INC., f/k/a/ ELF ATOCHEM NORTH AMERICA, INC.,<br>　　　Plaintiff,<br><br>　　　v.<br><br>COMMERCE &INDUSTRY INSURANCE CO.,<br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO. 06-2152<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

By Memorandum Order filed March 8, 2007, the Court granted in part and denied in part both Plaintiff, Arkema Inc.'s, Motion for Partial Summary Judgment on Causation and Period of Restoration Issues (Doc. 11) and Defendant's Motion for Partial Summary Judgment (Doc. 12 &15).  The Court held that:

1. The Policy at issue in this action provides coverage for business interruption losses resulting from the necessary interruption of Plaintiff's business during the Period of Restoration, as defined in the Policy, regardless of when those losses are incurred.

2. Provided all other prerequisites are met, as defined in the policy, Plaintiff's business interruption coverage is limited to its "Actual Loss" and "Extra Expense" resulting from the necessary interruption of Plaintiff's operations caused solely and directly by "On-Site Pollution Conditions."

Defendant seeks certification of paragraph one for interlocutory appeal.  Plaintiff opposes the motion (Doc. 25) contending that Defendant has failed to carry its burden on the statutory requirements for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  This Court agrees.

After careful review of the parties' arguments and the requirements pursuant to 28 U.S.C. § 1292(b), the Court is not persuaded that certification for appeal is appropriate at present. Specifically, Defendant has not carried its burden of demonstrating that there is substantial ground

for difference of opinion or that this matter presents an exceptional circumstance. Defendant states that the parties and the Court recognized that there was a controlling question of law for which there was a substantial difference of opinion. Defendant contends that difference of opinion is evident in the parties' competing interpretations of the policy language. Defendant further cites the Court's decision to adopt Arkema's view as support for its contention that there exists a substantial ground for difference of opinion.

In interpreting the policy language the Court applied the strict language of the policy holding that there exists no evidentiary basis that supports deviation from the explicit policy language. Defendant's displeasure with the Court's holding cannot serve to demonstrate the section 1292(b) requirement. In re Powell, No. 06-4085, 2006 WL 3208843 at*2 (E.D. Pa. Nov. 3, 2006) ("mere disagreement with a ruling does not constitute a substantial ground for difference of opinion, as required under the second factor for interlocutory appeal"). Defendant has failed to establish that there exists any doubt as to the correct legal standard, as required to meet its burden. Id. Moreover, this matter is not exceptional and thus does not warrant the grant of certification for interlocutory appeal. An appropriate Order follows.

**AND NOW**, on this ___ day of May 2007, upon consideration of Defendant, Commerce and Industry Insurance Company's ("C&I") Motion for Certification of Paragraph 1 of this Court's Order of March 8, 2007 (Doc. 24), **IT IS HEREBY ORDERED and DECREED** that the Defendant's Motion is **DENIED**.

**BY THE COURT**:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**